# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JAMES GORMAN INSURANCE, INC. and
JAMES M. GORMAN,**

      **Plaintiffs,**

**v.**                                           **Case No: 8:16-cv-816-T-27AEP**

**BANKERS INSURANCE COMPANY,
ROBERT G. SOUTHEY and BRIAN J.
KESNECK,**

      **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** is Non-Party John H. Dannecker's Objection, Motion to Quash, and/or Motion for Protective Order (Dkt. 43), Plaintiffs' response (Dkt. 46), and Defendants' response (Dkt. 50). Upon consideration, the Motion is GRANTED.

Defendants Robert G. Southey and Brian J. Kesneck served a subpoena *duces tecum* on John H. Dannecker, the mediator who facilitated the settlement agreement that is the subject of this action.[1] The subpoena demands Dannecker's appearance at a deposition scheduled for July 25, 2016 and requests that he produce "Any and all documents related to the mediation between James

---

[1] In 2010, JGI and Bankers executed a Producer Agreement whereby Bankers was to compensate JGI for soliciting and issuing surety bonds and collecting premiums on Bankers' behalf. (Dkt. 1 ¶¶ 9-10). On April 24, 2015, JGI sued Bankers in Massachusetts District Court. (*Id.* ¶ 11). Bankers sued Plaintiffs in the Middle District of Florida, five days later. (*Id.* ¶ 12).  The parties commenced arbitration in both cases and mediated on December 1, 2015, which resulted in the execution of a written mediation settlement agreement. (*Id.* ¶¶ 13, 17; Dkt. 9-1).

Plaintiffs' Complaint alleges claims for breach of the settlement agreement, breach of implied covenant of good faith and fair dealing, tortious interference, declaratory judgment, and breach of oral contract against Bankers, and fraud in the inducement and negligent misrepresentation against all defendants. (Dkt. 1). Bankers filed a breach of contract counterclaim against JGI. (Dkt. 9).

1

Gorman Insurance, Inc., James M. Gorman, and Bankers Insurance Company, that occurred on December 1, 2015" as well as "[a]ny and all correspondence shared with either James Gorman Insurance, Inc., James M. Gorman, and Bankers Insurance Company." (Dkt. 43-1).

Dannecker requests that the subpoena be quashed and/or a protective order be issued shielding him from any discovery. Dannecker provides three grounds for his request: (1) communications made during the mediation are confidential and privileged; (2) the subpoena and the information it seeks is at odds with Federal Rule of Evidence 408; and (3) any testimony he may give is irrelevant.[2] Despite the fact that Defendants Southey and Kesneck served the subpoena, none of the Defendants oppose the Motion and also request that the Court issue a protective order denying either party the right to question or request production from Dannecker pertaining to the December 1, 2015 mediation.[3] Plaintiffs contend that Dannecker may and should testify as to his recollection of statements between the parties during the mediation.[4]

Federal Rule of Civil Procedure 45 provides that a court "must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A). Dannecker contends that communications made during the mediation are confidential and privileged, without exception in this case, relying on Florida Statutes section 44.405(1) and Local Rule 9.07(b).

---

[2] The issue of whether communications made by Southey and Kesneck at the mediation are confidential and privileged is also the subject of a motion to dismiss (Dkt. 12) and a motion for sanctions (Dkt. 17).

[3] Defendants assert that they were "forced" to subpoena Dannecker, given Plaintiffs' allegations about what was said at the mediation, yet agree not to ask Dannecker questions about what transpired during mediation. (Dkt. 50 at 4). The purpose of the subpoena is therefore unclear.

[4] Plaintiffs have not served any discovery on the mediator. (Dkt. 46 at 1 n.1). And Plaintiffs' counsel withdrew on July 12, 2016. As a corporation, James Gorman Insurance, Inc. cannot proceed *pro se*.

Section 44.405(1) provides: "Except as provided in this section, all mediation communications shall be confidential. A mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." Fla. Stat. § 44.405(1). "Mediation communication" is defined as "an oral or written statement, or nonverbal conduct intended to make an assertion, by or to a mediation participant made during the course of a mediation, or prior to mediation if made in furtherance of a mediation." Fla. Stat. § 44.403(1). "Mediation participant" is defined as a "mediation party or a person who attends a mediation in person or by telephone, videoconference, or other electronic means." Fla. Stat. § 44.403(2).

By definition, the mediation privilege in § 44.405(1) protects disclosure of communications that were made during mediation to others outside the mediation process.[5] Because Plaintiffs and Defendants were mediation participants it does not appear that the mediation privilege would be applicable.[6]

Moreover, mediation communications are not confidential or privileged if they are "[o]ffered

---

[5] Local Rule 9.07(b) provides:
> All proceedings of the mediation conference, including statements made by any party, attorney, or other participant, are privileged in all respects. The proceedings may not be reported, recorded, placed into evidence, made known to the trial court or jury, or construed for any purpose as an admission against interest. A party is not bound by anything said or done at the conference, unless a settlement is reached.

This rule also seems to contemplate disclosure of mediation communication to non-participants. And, although "local rules are valid and binding on the parties, their enforcement must be tempered with due consideration of the circumstances." *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 924 (11th Cir. 1986).

[6] *Cf. Bowdler v. State Farm Mut. Auto. Ins. Co.*, No. 2:13-CV-539-FTM-38, 2014 WL 2700672, at *2-3 (M.D. Fla. June 13, 2014) (activity logs containing summaries and analyses of communications during the underlying mediation fell outside the mediation privilege because Plaintiff his counsel participated in the mediation); *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 626 (S.D. Fla. 2013) (mediation privilege did not extend to plaintiff's documents from a mediation with defendant in a previously litigated case); *Altheim v. GEICO Gen. Ins. Co.*, No. 8:10-CV-156-T-24TBM, 2010 WL 5092721, at *1 (M.D. Fla. Dec. 8, 2010) (ordering communications designated as mediation communications be produced).

for the limited purpose of establishing or refuting legally recognized grounds for voiding or reforming a settlement agreement reached during a mediation." Fla. Stat. § 44.405(4)(a)5. Under Florida law, "fraudulent inducement renders a contract voidable." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 313 (Fla. 2000).

Notwithstanding, the proponents of Dannecker's deposition do not oppose the motion. And given their position that Dannecker may not disclose anything that occurred at the mediation and that they will not ask him questions about what transpired, they have not made a sufficient showing of the need for the discovery. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, Non-Party John H. Dannecker's Objection, Motion to Quash, and/or Motion for Protective Order (Dkt. 43) is **GRANTED**. The Subpoena Duces Tecum (Dkt. 43-1) is quashed.

**DONE AND ORDERED** this 22nd day of July, 2016.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record